Case 7:21-cv-10917-VB   Document 53   Filed 08/10/23   Page 1 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



8/10/23

---

DAVALL GARRISON,

                Plaintiff,

    - against -

AMERICAN SUGAR REFINING, INC.,
AMERICAN SUGAR HOLDINGS, INC.,
ASR GROUP INTERNATIONAL, INC.,
and DENNIS ANGONE,

                Defendants.

21 CV 10917 (VB)

CONFIDENTIALITY STIPULATION
AND [~~PROPOSED~~] ORDER

---

    **WHEREAS**, Plaintiff Davall Garrison and Defendants American Sugar Refining, Inc., American Sugar Holdings, Inc., ASR Group International, Inc., and Dennis Angone (each a "Party" and, collectively, the "Parties") are engaged in discovery in the above action; and

    **WHEREAS**, certain documents and information have been and may be sought, produced, exhibited, or disclosed by and among the Parties during the course of this action that relate to the Parties' or non-parties' financial information, competitive information, personnel information, medical information, or other kinds of sensitive or proprietary information which the Party making the production deems confidential ("Confidential Information"); and

    **WHEREAS**, the Parties, through their respective counsel, wish to enter a stipulation preserving the confidentiality of certain documents and information and respectfully request that the Court so-order this stipulation;

    **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** as follows:

    1.    For the purposes of this Confidentiality Stipulation and [Proposed] Order (the "Protective Order"), "Confidential Information" shall refer to any type or classification of

1

information designated as "Confidential" by the Party producing it, based on the designating Party's good faith belief that it is confidential, whether it be a document, information contained in a document, information revealed in an interrogatory response, information revealed during a deposition or information contained in, or communicated through, any other medium or means.

2. A Party may designate as "Confidential" any document or information which the designating Party has a legitimate interest in maintaining as confidential, is not publicly available, and discloses financial information, competitive information, personnel information, medical information, or other kinds of sensitive or proprietary information about a Party or non-party.

3. Confidential Information produced in connection with this action may be used and retained for purposes of this action only.

4. Access to and/or disclosure of all or any part of the Confidential Information shall be permitted only to the following persons (the "Designated Persons"):

    (a) The Parties.

    (b) Third parties who are deposed by any Party in this action.

    (c) Counsel for the Parties, including in-house counsel, who are charged with responsibility for and are actively engaged in prosecuting or defending this action ("Counsel"), and Counsel's employees and independent contractors, such as paralegals, secretaries and clerical employees, who are actually involved in prosecuting or defending this action or any appeal therein.

    (d) Experts and consultants retained by the Parties to assist in the preparation and trial of this action.

    (e) Court reporters at deposition and trial or in connection with any motion or hearing in this action.

    (f) The Court and Court personnel.

    (g) Mediators retained by the Parties and/or assigned by the Court.

5. All those Designated Persons identified in paragraphs 4(b) and 4(d) to whom access to Confidential Information is permitted and/or disclosure of Confidential Information is made shall, prior to such access or disclosure, be required to read this Protective Order and agree in writing to comply with its terms. If any such person fails or refuses to agree in writing to comply with the terms of this Protective Order as to any particular Confidential Information, disclosure of such Confidential Information shall not be permitted to that person at that time. The Parties, or any of them, may then seek relief from the Court as to, among other things, whether or not such person is one to whom the Confidential Information should be disclosed.

6. Confidential Information may be used solely in connection with this action, including, but not limited to, for the purposes of motions, hearings, briefs, preparation for trial, and trial. Except as specifically provided herein, each Designated Person will hold in confidence and not disclose to anyone else, or use in any fashion, any Confidential Information, or any excerpt, summary, abstract or index thereof.

7. This Protective Order shall not alter the rights of any such person who, notwithstanding disclosure pursuant to this Protective Order, currently has access to, or possession of, Confidential Information.

8. If Confidential Information is disclosed at a deposition, whether by testimony or as exhibits, only those persons may be present who are authorized by the terms of this Protective Order to have access to such material. Either Party may designate portions of the transcript as confidential by notifying the other Party on the record at the time of the testimony, or in writing within fourteen days of receipt of the transcript of the pages and lines that contain Confidential Information. All Parties shall treat deposition transcripts as Confidential Information in their entirety during the fourteen-day designation period.

9. No modification or other change to this Protective Order shall be effective unless it is in writing and signed by all counsel of record, or has been reduced to an Order of the Court.

10. Nothing contained herein shall prejudice the right of a Party to object to the production of any documents. In addition, the fact that a Party has entered into this Confidentiality Stipulation is not, and shall not be argued or deemed to constitute, a waiver of any objections they may have to the production of documents (including any objections based upon the attorney-client and/or attorney work-product privileges). This Protective Order does not prejudice the right of any Party to apply to the Court for an Order compelling production of documents or to apply to the Court for:

    (a)    a further Protective Order relating to any discovery in this action; or,

    (b)    an Order declaring that a document or information designated as "Confidential" is not confidential;

and likewise does not prejudice the right of any Party to object to any such application or motion.

11. Failure to mark a confidential information shall not be deemed a waiver. When counsel to the Party wishing to have it marked discovers the error, it shall take prompt and reasonable steps to attempt to have the document or material marked as Confidential. This does not waive the receiving Party's right to challenge the producing Party's confidential designation.

12. Confidential Information (including confidential portions of documents or transcripts) or any document that discloses the substance or content of Confidential Information, used in connection with any motion, other written submission, hearing or trial in this action, shall be filed under seal, or shall be submitted to the Court in such other manner as the Court may order, to protect the confidentiality of such information.

13. All Confidential Information produced during discovery, and all copies, digests, or summaries made thereof shall be destroyed by the Party possessing such Confidential

Information within sixty (60) days after final determination of this action. The destroying Party shall, upon request, provide the other Parties with a certificate attesting to such destruction.

14. The inadvertent disclosure of privileged material by a producing person or its counsel shall not constitute a waiver of any applicable privilege. Should counsel believe that another party inadvertently produced a privileged document, counsel shall promptly notify the producing person. A producing person who inadvertently discloses material it claims to be covered by a privilege shall give notice promptly after discovery of the inadvertent disclosure that the material is privileged, and the material shall be returned or destroyed on request of the producing person or counsel. Persons in receipt of inadvertently disclosed privileged information shall not view the material upon receipt of notice of inadvertent disclosure from the producing person or counsel. In addition, the disclosure of Confidential Information pursuant to the procedures set forth in this Stipulation does not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to, or in, such information. It is expressly acknowledged that no such right or interests shall be affected in any way by production of information designated Confidential Information.

15. If any Party is served with a subpoena or Court Order requiring the disclosure of any Confidential Information, that Party shall notify all other Parties to this action in writing c/o each Party's respective counsel of record via email and overnight mail within three business days of being served with such subpoena or Court Order.

Dated: New York, New York
      August 10, 2023

| **GODDARD LAW PLLC** | **PROSKAUER ROSE LLP** |
|---|---|
| By: /s/ *Frances C. Slusarz* | By: /s/ *Allan S. Bloom* |
|     Megan Goddard |     Allan S. Bloom |
|     Frances C. Slusarz |     Melissa A. Overbeck |
| 39 Broadway, Suite 1540 | Eleven Times Square |
| New York, New York 10006 | New York, New York 10036 |
| (646) 964-1178 | (212) 969-3000 |
| megan@goddardlawnyc.com | abloom@proskauer.com |
| frances@goddardlawnyc.com | moverbeck@proskauer.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**SO ORDERED:**

Dated: _____August 10,_____, 2023

[signature]

_____
The Honorable Vincent L. Briccetti
United States District Judge

6